A CERTIFIED TRUE COPY
ATTEST

Cz Nf ddb U pn qt po bu9.44 bn - Pdu SDNY

RECEIVED
DOCKET UNIT

2007 NOV -7 A 9: 51

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 02 2007

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

9:43 bn - Pdu37- 3118

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: STERLING FINANCIAL CORPORATION
SECURITIES LITIGATION

17
MDL No. 1879   11/2/07

## TRANSFER ORDER

**Before the entire Panel:** Plaintiffs in one Eastern District of Pennsylvania action have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Eastern District of Pennsylvania. Plaintiffs in two actions and an interested party plaintiff in all actions support the motion. Defendants[1] suggest centralization in the Southern District of New York.

This litigation currently consists of seven actions listed on Schedule A and pending in two districts as follows: four actions in the Southern District of New York and three actions in the Eastern District of Pennsylvania.[2]

After considering all argument of counsel, we find that these seven actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions arise out of allegations that Sterling issued materially false and misleading statements relating to its wholly-owned subsidiary EFI, which artificially inflated Sterling's stock price in violation of federal securities laws. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent rulings on pretrial motions, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Eastern District of Pennsylvania is an appropriate forum for this litigation because (1) defendants maintain business operations within this district; (2) the conduct at issue allegedly took place in Pennsylvania; and (3) accordingly, relevant documents and witnesses will likely be located there.

---

[1] Sterling Financial Corp. (Sterling), Equipment Finance LLC (EFI), Bank of Lancaster County, N.A., J. Roger Moyer, Jr., Thomas Dautrich, George W. Graner, J. Bradley Scovill, and Tito L. Lima.

[2] The Panel has been notified that two other related actions have been filed in the Eastern District of Pennsylvania. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

COPY CERTIFIED TO FROM THE RECORD

10/30/07

_____
UNITED STATES DISTRICT COURT
DISTRICT OF PENNSYLVANIA

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending in the Southern District of New York are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Lawrence F. Stengel for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

D. Lowell Jensen         J. Frederick Motz
Robert L. Miller, Jr.    Kathryn H. Vratil
David R. Hansen          Anthony J. Scirica

IN RE: STERLING FINANCIAL CORPORATION
SECURITIES LITIGATION                                    MDL No. 1879

### SCHEDULE A

Southern District of New York

Steve Macrina v. Roger J. Moyer, Jr., et al., C.A. No. 1:07-4108
Brian Johnson v. Sterling Financial Corp., et al., C.A. No. 1:07-4652
Castle Strategic Trading, Inc. v. Roger J. Moyer, Jr., et al., C.A. No. 1:07-5594
Jeffrey M. Cooley v. Sterling Financial Corp., et al., C.A. No. 1:07-5671

Eastern District of Pennsylvania

Raymond D. Buckwalter v. Sterling Financial Corp., et al., C.A. No. 2:07-2171
Kevin Simpson v. Sterling Financial Corp., et al., C.A. No. 2:07-2497
Paul A. Miller, et al. v. Sterling Financial Corp., et al., C.A. No. 2:07-2694